```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT
```

James T. Burke,
      Plaintiff,

  v.                              Civil Action No. 1:08-CV-263

T.J. Donovan, State's
Attorney, State of
Vermont,
      Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
### (Papers 9, 12, 14, 15, 17 and 19)

Plaintiff James Burke, proceeding *pro se*, alleges that State's Attorney T.J. Donovan has violated his constitutional rights in the course of a state court prosecution. Specifically, Burke claims that he was falsely accused of sexual assault, and that Donovan has refused to charge the complainant with perjury. Burke also claims that Donovan has failed to produced certain discovery. For relief, Burke asks the Court to order Donovan to bring a perjury charge against his accuser.

Defendants Donovan and the State of Vermont now move to dismiss on grounds of Eleventh Amendment immunity, prosecutorial immunity, abstention, and Heck v. Humphrey. For the reasons set forth below, I recommend that the motion to dismiss be GRANTED, that all other motions be DENIED, and that this case be DISMISSED.

## Factual Background

According to the complaint, Burke has been accused of placing a date rape drug in a woman's drink and sexually assaulting her. Burke alleges that his accuser, identified by the defendants as "E.L.," is "on record for making two separate documented false sexual assault allegations" and is thus not credible. (Paper 4 at 4). He further claims that Joe Leahy of the Vermont State Police stated in a deposition that E.L. had lied under oath during an unrelated criminal investigation. Leahy also allegedly cited Vermont's perjury statute and suggested that E.L. should have been prosecuted for her statements. Id.

Burke's legal claim is that State's Attorney T.J. Donovan has violated his rights under the Fourteenth Amendment by failing to charge E.L. with perjury. He claims that Donovan has declined to bring charges against E.L. because doing so would disqualify her as a witness in his criminal case. Burke also claims that Donovan has failed to produce the Leahy deposition transcript. For relief, he asks the Court to "compel defendant Donovan to uphold and enforce the perjury documented violations against [E.L.]." Id. at 3.

Discussion

I. Sovereign Immunity

The defendants first argue that all claims against the State of Vermont, as well as Donovan in his official capacity, are barred under the doctrine of sovereign immunity and the Eleventh Amendment. The Eleventh Amendment prohibits suits brought in federal court against unconsenting states or state officials sued in their official capacities. See Edelman v. Jordan, 415 U.S. 651, 663 (1974). A state may waive its Eleventh Amendment immunity so long as the waiver is unequivocally expressed. Atascadero State Hospital v. Scanlon, 473 U.S. 234 (1985). Additionally, Congress may abrogate the Eleventh Amendment pursuant to Section 5 of the Fourteenth Amendment. Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976).

Congress has not abrogated Vermont's sovereign immunity from a § 1983 suit in federal court, and the State of Vermont has expressly preserved its sovereign immunity under the Eleventh Amendment. See, e.g., 12 V.S.A. § 5601(g). Because the Eleventh Amendment protects the State of Vermont regardless of the nature of the relief sought, all claims against the State should be DISMISSED. Alabama v. Pugh, 438

U.S. 781, 782 (1978).

The Eleventh Amendment does not apply, however, to claims for prospective injunctive relief brought against a state actor in his official capacity. See Ex Parte Young, 209 U.S. 123, 155-56 (1908); Dairy Mart Convenience Stores, Inc. v. Nickel, 411 F.3d 367, 372 (2d Cir. 2005). The Supreme Court has held that determining whether a litigant's claim falls under the Ex parte Young exception is a "straightforward inquiry" that asks "whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 645 (2002).

Here, Burke claims that Donovan is currently violating his Fourteenth Amendment rights, and seeks injunctive relief in the form of an order compelling Donovan to prosecute E.L. for perjury. Because Burke claims an ongoing violation, and the relief he requests is plainly prospective, the Court should decline to dismiss his official capacity claim against Donovan on the basis of Eleventh Amendment immunity.

II. Absolute Prosecutorial Immunity

The defendants next argue that Donovan is protected from suit by prosecutorial immunity. This well-established

immunity applies to "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). Again, however, requests for injunctive relief are not protected. Shmueli v. City of New York, 424 F.3d 231, 239 (2d Cir. 2005). The Court should thus decline to dismiss the case on this basis.

III. Abstention

The defendants also argue that according to the doctrine of abstention set forth by the Supreme Court in Younger v. Harris, 401 U.S. 37 (1971), the Court must refrain from granting Burke any relief. "Under Younger, federal courts, in the interest of comity, must abstain from enjoining pending state court criminal prosecutions and allow state courts to resolve pending matters within their jurisdiction." Washington v. County of Rockland, 373 F.3d 310, 318 (2d Cir. 2004) (citing Trainor v. Hernandez, 431 U.S. 434 (1977)). Younger abstention is required when three conditions are met: (1) there is a pending state proceeding; (2) the proceeding implicates an important state interest; and (3) the state proceeding affords the federal plaintiff

an adequate opportunity for judicial review of the federal constitutional claims. See Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 100-01 (2d Cir. 2004).

Burke seeks an order compelling the prosecution of a third party. He is *not* asking the Court to interfere directly with the proceedings in his own state court case. While the perjury prosecution, if successful, might have an indirect impact on Burke's case, it would not be the sort of direct interference contemplated by Younger. 401 U.S. at 43-46. Furthermore, it is not clear that the state court could, as part of that proceeding, compel such a prosecution. The Court should therefore find that Younger does not apply to Burke's request for relief.

Reading the complaint liberally, Burke's claim that the Leahy deposition has not been produced could be construed as a request for an order compelling such production. That sort of order would, of course, constitute interference with Burke's criminal case. Moreover, assuming that the failure to produce the Leahy affidavit raises a constitutional issue, Burke certainly has an opportunity to raise that issue with the state court. Spargo v. New York State Comm'n on Judicial Conduct, 351 F.3d 65, 74 (2d Cir. 2003) (Supreme

6

Court has "unequivocal[ly] stated" that abstention is appropriate when the plaintiff has "an 'opportunity to raise and have timely decided by a competent state tribunal' the constitutional claims at issue in the federal suit.") (quoting Middlesex Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 437 (1982)); see, e.g., State v. Tester, 181 Vt. 506, 509-11 (2007) (discussing defendant's Brady claim). Accordingly, to the extent that Burke seeks Court action with regard to production of the Leahy deposition, abstention is appropriate.

IV. *Heck v. Humphrey*

In Heck v. Humphrey, 512 U.S. 477, 487 (1994), the Supreme Court held that a claim is not cognizable under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." The defendants in this case submit that Burke's claims of "errors regarding the underlying criminal proceedings . . . necessarily imply the invalidity of that proceeding," and are therefore barred under Heck. (Paper 9 at 6).

Assuming that Heck applies to a pre-trial detainee

claim for injunctive relief, Burke's claims do not fit within the purview of the Heck decision since success in this case would not "necessarily" undermine the validity of his conviction or sentence. Heck, 512 U.S. at 487; McKithen v. Brown, 481 F.3d 89, 102 (2d Cir. 2007). If Burke were successful in the instant case, Donovan would be compelled to bring a perjury charge against E.L. Success on the perjury charge, however, would not be guaranteed. Moreover, if the perjury proceeding resulted in a finding of guilt, and/or the Leahy deposition were produced and introduced at Burke's trial, neither event would necessarily undermine the sexual assault charge. Rather, it would call the reliability of E.L.'s testimony into question, and leave the trier of fact to determine the truth.

"[T]hat a prisoner's success might be merely helpful or *potentially* demonstrative of illegal confinement is, under [the Heck] standard, irrelevant." Id. (emphasis in original). If E.L. were convicted of perjury, Burke's chance of success in his criminal case would conceivably be heightened. The perjury conviction would not, however,

8

disqualify E.L. as a witness,[1] and would not "necessarily" undermine her claims of sexual assault. Similarly, informing a jury of Leahy's statements about E.L.'s credibility would not necessarily establish Burke's innocence. The Court should therefore find that <u>Heck v. Humphrey</u> does not apply in this case.

V.  <u>No Constitutional Right To Perjury Prosecution</u>

Although the defendants' arguments do not warrant the complete dismissal of Burke's complaint, this case must still be dismissed due to its failure to present a valid legal claim. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b). As noted previously, the Court should abstain from issuing any sort of order with regard to production of the Leahy deposition. Consequently, the only remaining claims is a request for an order compelling Donovan to bring charges against Burke's accuser. It is well established, however, that Burke has no constitutional right to such an order.

Burke argues that by failing to prosecute E.L., Donovan has violated his rights under the Fourteenth Amendment, and

---

[1] Vermont law no longer considers someone who has been convicted of perjury as automatically barred from testifying under oath. 13 V.S.A. § 2907 (repealed 2006); 12 V.S.A. § 1608 (amended 2005).

9

presumably the Due Process Clause. The Supreme Court has held that "the benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause." Town of Castle Rock v. Gonzalez, 545 U.S. 748, 768 (2005). Similarly, in the context of substantive due process, the Supreme Court has determined that the Due Process Clause "generally confer[s] no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 196 (1989); see Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); Marsh v. Kirschner, 31 F. Supp. 2d 79, 81 (D. Conn. 1998) ("no federal right to have criminal wrongdoers prosecuted").

There are two recognized exceptions to the general rule cited in DeShaney. See Matican v. City of New York, 524 F.3d 151, 155 (2d Cir. 2008). The first is where the government has a "special relationship" with the victim that gives rise to a duty to protect. While incarceration may

trigger that duty, "special relationship cases typically involve individuals who were in government custody at the time of the harm by private actors." Hespeler v. Town of Ledyard, 2009 WL 3128536, at *5 (D. Conn. Sept. 28, 2009). Here, there is no indication that Burke was incarcerated when E.L. brought her allegations of sexual assault. Even if Burke was incarcerated at the time, the harm he has allegedly suffered had nothing to do with the fact that he was in prison. Accordingly, the State had no heightened duty to protect him from harm, and this exception does not apply.

The second exception provides that the State may owe an obligation to the victim if its agents "in some way had assisted in creating or increasing the danger to the victim." Matican, 524 F.3d at 155. There is no allegation of any such conduct in this case. Moreover, in addition to proving one of these two exceptions, Burke would need to show that Donovan's conduct in failing to prosecute E.L. is "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Id. at 155. Given a prosecutor's wide discretion as to when to bring charges, and because a successful perjury conviction would not

11

necessarily undermine the credibility of E.L.'s claims, there is no basis for a finding that Donovan has acted in a way that "shocks the conscience." Burke's claim for relief in the form of an order compelling Donovan to prosecute E.L. for perjury should, therefore, be DISMISSED.

VI. Leave To Amend

When addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated. Thompson v. Carter, 284 F.3d 411, 419 (2d Cir. 2002) (citing Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)). However, a court need not permit amendment when, as in this case, the complaint gives no indication that a valid claim might be stated. Davis v. Goord, 320 F.3d 346, 352 (2d Cir. 2003).

Since the defendants filed their motion to dismiss, Burke has filed four motions to amend his complaint. The first asks the Court to "amend or convert this 42 U.S.C. § 1983 to a federal habeas corpus so that the issues complained about can be litigated and ruled on." (Paper 12 at 1). A federal habeas corpus proceeding challenges the fact or duration of the plaintiff's custody. See 28 U.S.C.

§ 2254; Preiser v. Rodriquez, 411 U.S. 475, 490 (1973). Burke's complaint alleges prosecutorial misconduct and asks that E.L. be prosecuted for perjury. Accordingly, the complaint need not be converted, and the first motion to amend should be DENIED.

Burke's next three motions argue that the Court should not abstain from hearing his claims, and seek to add a speedy trial claim. (Papers 15, 17 and 19). In the more detailed of the three motions, Burke also submits that the evidence against him is insufficient. (Paper 15). Unlike his initial complaint, the relief sought is a declaration that his state court proceedings are invalid.

Both the weighing of evidence and the speedy trial issue clearly implicate Younger abstention. See, e.g., Houston v. Horn, 2007 WL 2993846, at *1 (E.D.N.Y. Oct. 10, 2007) (speedy trial claim barred by Younger). Indeed, the Younger requirements are squarely met, as Burke seeks intervention in an ongoing, state court criminal proceeding in which he may raise each of his constitutional concerns. Hartford Courant Co., 380 F.3d at 100-01.

Evidently aware of this impediment to federal review, Burke asserts that the State has acted in bad faith, thereby

invoking one of the few exceptions to Younger application. See Kugler v. Helfant, 421 U.S. 117, 124 (1975) ("the Court in Younger left room for federal equitable intervention in a state criminal trial where there is a showing of bad faith or harassment by state officials responsible for the prosecution . . ."). In order to successfully invoke a Younger exception, however, "the defendant in a criminal case must make sufficient specific factual allegations which support an inference that the particular exception applies and cannot rely on general claims of misconduct." Saunders v. Flanagan, 62 F. Supp. 2d 629, 634 (D. Conn. 1999). Two of Burke's motions to amend state in conclusory fashion that the "respondents" have acted in bad faith. (Paper 17 and 19). The third provides slightly more detail, complaining of continuances requested by the prosecution and granted by the state court.[2] (Paper 15 at 1-2).

Exceptions to the Younger doctrine represent a "very narrow gate for federal intervention in pending state criminal proceedings." Arkebauer v. Kiley, 985 F.2d 1351, 1358 (7th Cir. 1993). "This is because a pending state

---

[2] This motion appears to be targeted more to the state court than to this court, as it cites Vermont procedural rules, makes references to an appointed attorney, and asks for dismissal of the information. (Paper 15 at 2).

14

prosecution usually provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." Saunders, 62 F. Supp. 2d at 634 (citing Kugler, 421 U.S. at 124). Accordingly, courts have applied the bad faith exception sparingly.

> The "bad faith" exception has been applied where the plaintiff alleged that the prosecution was motivated, in part, by his race, Lewellen v. Raff, 843 F.2d 1103, 1112 (8th Cir. 1988); that the prosecution was motivated by a purpose to retaliate for or to deter the filing of a civil suit against state officers, Wilson v. Thompson, 593 F.2d 1375 (5th Cir. 1979); that the prosecution was instituted to harass and punish the federal plaintiffs for having exercised their first amendment rights in criticizing public officials, Fitzgerald v. Peek, 636 F.2d 943 (5th Cir.) (per curiam), cert. denied, 452 U.S. 916 (1981); and that the prosecution was instituted in retaliation for the plaintiff exercising his First Amendment rights by providing truthful testimony which was damaging to the prosecutor in another case, [Smith v. Hightower, 693 F.2d 359, 368 (5th Cir. 1982)]. In each of these cases the plaintiff successfully invoked federal intervention by showing that he was being prosecuted, at least in part, based upon some constitutionally prohibited motive.

Saunders, 62 F. Supp. 2d at 636. Burke makes no such claim, alleging only that his trial has been unreasonably, and unlawfully, delayed. Because this claim can be adequately addressed by the state courts, there is no need for federal intervention at this time.

I therefore recommend that Burke's motions for leave to

15

amend be DENIED, and that the Court find that any further efforts to amend would be futile. Accordingly, this case should be DISMISSED. Dismissal should be without prejudice, such that Burke may raise his claims in state court.

## Conclusion

For the reasons set forth above, I recommend that the defendants' motion to dismiss (Paper 9) be GRANTED, that Burke's motions to amend (Papers 12, 15, 17 and 19) be DENIED, that Burke's motion for summary judgment (Paper 14) be DENIED as moot, and that this case be DISMISSED without prejudice.

Dated at Burlington, in the District of Vermont, this 1st day of December, 2009.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(d).